UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY DIONNE LEWIS,

        Plaintiff,

v.                                CASE NO. 2:06-CV-14771
                                HONORABLE LAWRENCE P. ZATKOFF
                                UNITED STATES DISTRICT COURT

C. EICHENLAUB, et. al.

        Defendants,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. Introduction

Tracy Dionne Lewis, (plaintiff), currently incarcerated at the Federal Correctional Institution in Milan, Michigan, has filed a civil rights complaint filed under 42 U.S.C. § 1983.[1] Plaintiff's complaint has been reviewed and is now dismissed without prejudice for failure to exhaust federal administrative remedies pursuant to 42 U.S.C. § 1997e(a).

### II. Complaint

Plaintiff alleges that he was scheduled to have a telephone conference with the Wayne County Juvenile Court on June 22, 2006, but was denied telephone privileges by Defendant O'Gorman, a counselor at the Federal Correctional Institution in Milan, in violation of a court order.

---

[1] Plaintiff is suing federal officials in this lawsuit, and 42 U.S.C. § 1983 does not apply to actions against federal officials, because they are not state actors acting under color of state law. *See Benson v. United States*, 969 F. Supp. 1129, 1135 (N.D. Ill. 1997). However, a plaintiff may file suit in federal court for damages arising from a violation of plaintiff's constitutional rights by persons acting under the color of federal law. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395 (1971). A *Bivens* action is considered the federal counterpart of a Section 1983 action. *Shannon v. General Electric Co*, 812 F. Supp. 308, 322 (N.D.N.Y. 1993). Because plaintiff is alleging that his constitutional rights were violated by persons acting under color of federal law, plaintiff's § 1983 complaint is properly construed as a *Bivens* action. *See Sullivan v. United States,* 90 Fed. Appx. 862, 863 (6th Cir. 2004).

Plaintiff claims that Defendants Eichenlaub and Moody did nothing to assist him in this matter. Plaintiff now seeks monetary damages in the amount of $ 17,000,000.00.

### III.  Discussion

The complaint must be dismissed because plaintiff has failed to plead or prove that he exhausted his administrative remedies prior to filing this *Bivens* action.

42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1996 (PLRA), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The § 1997(e) exhaustion requirement applies to *Bivens* actions brought by federal prisoners.  *See Porter v. Nussle,* 534 U.S. 516, 524 (2002);  *Lavista v. Beeler*, 195 F. 3d 254, 256-57 (6th Cir. 1999).   Federal courts may enforce the exhaustion requirement *sua sponte. See Brown v. Toombs*, 139 F. 3d 1102, 1104 (6th Cir. 1998); *See also Jones v. Smith,* 266 F. 3d 399, 400 (6th Cir. 2001)(affirming the *sua sponte* dismissal of a civil rights lawsuit brought by a federal prisoner for failure to exhaust administrative remedies). A prisoner's *pro se* civil rights action is properly dismissed without prejudice in the absence of any indication in the complaint that the prisoner has properly exhausted his administrative remedies as required by the PLRA. *See Brown,* 139 F. 3d at 1104.

In order to effectuate the language contained in § 1997e(a), a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable dispositions to the complaint, or in the absence of any documentation, describe with specificity the administrative proceeding and its outcome. *See Knuckles-El v. Toombs*, 215 F. 3d 640, 642 (6th Cir. 2000).  In the absence of particularized averments concerning exhaustion which show the nature of

2

the administrative proceeding and its outcome, the action must be dismissed under § 1997e(a). *Id.*

A federal inmate may raise grievances through the Bureau of Prison's (B.O.P.) Administrative Remedy Program. *See* 28 C.F.R. § 542.10, *et. seq.* Pursuant to this program, a federal inmate must first present his complaint informally to prison staff. 28 C.F.R. § 542.13. If the complaint cannot be resolved, the next step is for the federal inmate to file a "Request for Administrative Remedy" by filing a BP-9 form at the institution where the inmate is incarcerated. 28 C.F.R. § 542.14. An federal inmate who is not satisfied with the warden's response to his formal grievance may then appeal the warden's decision to the Regional Director on a BP-10 form within twenty days of the warden's decision. 28 C.F.R. § 542.15(a). A federal inmate who is not satisfied with the Regional Director's decision may file an appeal on a BP-11 form to the B.O.P.'s General Counsel within thirty days of the inmate receiving the Regional Director's response. *Id.* A federal inmate may file a civil action in federal court only after all four of these steps have been completed. *See Indelicato v. Suarez,* 207 F. Supp. 2d 216, 219 (S.D.N.Y. 2002).

In the present case, plaintiff alleges that he presented the facts relating to his complaint in the prisoner grievance process. Plaintiff's allegations are insufficient, however, because he has failed to attach copies of his grievances to his complaint, nor has he specified the claims that he brought in these administrative proceedings. *See Clayton v. U.S. Department of Justice,* 136 Fed. Appx. 840, 842 (6th Cir. 2005). Plaintiff's complaint has therefore not provided this Court with the particularized averments necessary for the Court to determine if plaintiff's claims have been exhausted. Thus, plaintiff's complaint should be dismissed. *Knuckles-El*, 215 F. 3d at 642.

In addition, compliance with the PLRA's exhaustion requirement requires that prisoners file a grievance against the person or persons whom they wish to sue. *See Curry v. Scott*, 249 F.3d 493,

505 (6th Cir. 2001). Without any evidence from plaintiff that he identified any of the defendants in any administrative proceedings or that he had exhausted his administrative remedies with respect to each of the defendants that he named in his complaint, plaintiff would be unable to establish with particularity that he had exhausted his available administrative remedies against these defendants in order to maintain this complaint against the named defendants. *See Gibbs v. Bolden,* 151 F. Supp. 2d 854, 857 (E.D. Mich. 2001). Moreover, under what is known as "the total exhaustion rule", the presence of an unexhausted claim in a prisoner civil rights complaint requires the dismissal not just of the unexhausted claim, but of the entire action. *See Bey v. Johnson,* 407 F. 3d 801, 806-808 (6th Cir. 2005). Without any evidence that plaintiff had exhausted his administrative remedies against all of the defendants in this case, his complaint would be subject to dismissal.

Finally, plaintiff acknowledges that his administrative appeal to the B.O.P.'s General Counsel remains pending. Because plaintiff's appeal to the General Counsel remains pending at the time that he filed the instant suit, plaintiff's complaint shall be dismissed for failure to exhaust. *See Aceves v. Felts,* 105 Fed. Appx. 604, 604-05 (5th Cir. 2004).

## IV. ORDER

**IT IS HEREBY ORDERED** that plaintiff's complaint is **DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**, pursuant to 42 U.S.C. § 1997e(a).

    s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: November 7, 2006

CERTIFICATE OF SERVICE

4

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 7, 2006.

s/Marie E. Verlinde
Case Manager
(810) 984-3290